IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

       Petitioner,

vs.                                           No. CV 16-00168 JCH/KK

STATE OF NEW MEXICO,

       Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2254 Cases on the Motion for Relief: 28 U.S.C. § 2254 (Doc. 1) and supplemental Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4, 5) filed by Petitioner Matthew Wiggins ("Petition"). The Court determines that the Petition is untimely and fails to state a claim on which relief can be granted.

Wiggins is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an in *forma pauperis* petition *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a petition *sua sponte* under rule 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A petitioner must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Wiggins' Petition, the Court

1

applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Dismissal of a habeas corpus petition under 28 U.S.C. § 2254 on the grounds that it is time-barred properly proceeds under rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1289-90 (10th Cir. 2001). The Petition may be dismissed for failure to state a claim upon which relief can be granted where the bar of the statute of limitations is apparent on the face of the Petition.  See *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (noting that a complaint may be subject to dismissal under rule 12(b)(6) when an affirmative defense appears on its face).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period applies to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year limitation period generally begins to run on either the date the judgment of conviction becomes final by direct review or on the date the time expires for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).  The one-year limitation period is statutorily tolled by filing of a proper application for state post-conviction relief.  Section 2244(d)(2) provides:

> "The time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2) (emphasis added). An application that is not properly filed does not toll the running of the limitation period.  *Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000).

Equitable tolling of the limitations period is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141-42 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Wiggins asks this Court to review issues relating to his conviction and sentence in Eleventh Judicial District, County of San Juan, State of New Mexico cause no. D-1116-CR-200800095. (Doc 1 at 4-5, Doc. 4 at 1). Wiggins' Petition states that Wiggins was convicted and sentenced in 2009. (Doc. 4 at 13, ¶ 17; Doc. 5 at 13, ¶ 17).[1] Wiggins filed a Notice of Appeal on December 7, 2009, directly appealing his conviction and sentence. The Judgment was affirmed by the New Mexico Court of Appeals and the New Mexico Supreme Court denied certiorari. See *State of New Mexico v. Matthew Wiggins,* Eleventh Judicial District No. D-116-CR-200800095. Wiggins then filed a Petition for Writ of Habeas Corpus on June 6, 2012. The Petition for Writ of Habeas Corpus was summarily dismissed by the District Court on June 13, 2012. (Doc. 1 at 4-5). Wiggins sought review of the summary dismissal in the New Mexico Supreme Court, which denied certiorari on November 5, 2012. (Doc. 1 at 6).

On November 26, 2014 and February 12, 2015, Wiggins filed papers in the New Mexico Court of Appeals purporting to take an appeal from the June 13, 2012 summary dismissal of his

---

[1] Wiggins' Petition indicates he was sentenced on October 7, 2009. The state court record for cause no. D-1116-CR-200800095 shows that Judgment was entered on the conviction and sentence on December 2, 2009.

3

habeas corpus petition. The Court of Appeals transferred the filings to the New Mexico Supreme Court under Rule 5-802 and 12-501 NMRA. (Doc. 1 at 6-7). The New Mexico Supreme Court treated the filings as a petition for writ of certiorari and denied the petition on August 10, 2015. (Doc. 1 at 10).

Wiggins seeks to use the August 10, 2015 date for the commencement of the one-year limitations period. (Doc. 4 at 13, ¶ 18). However, Wiggins 2014 and 2015 filings in the New Mexico Court of Appeals were both improper and untimely applications for review of the June 13, 2012 summary dismissal of his habeas corpus petition by the state district court. *See* Rule 12-501(B) NMRA ("Certiorari to the district court from denial of habeas corpus . . . Petitions for writs of certiorari **shall be filed with the Supreme Court Clerk within thirty (30) days** of entry of the district court's order denying the petition" (emphasis added)). Therefore, the time during which those filings were pending does not toll the running of the one-year statute of limitations under 28 U.S.C. § 2244(d)(2). *See Adams v. LeMaster,* 223 F.3d 1177, 1181 (10th Cir. 2000); *Allen v. Siebert,* 552 U.S. 3 (2007)(where post-conviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2)); *Satterfield v. Johnson,* 434 F.3d 185, 191-95 (3rd Cir. 2006) (post-conviction petition filed in the wrong court does not toll the running of the one-year statute of limitations). The deadline for Wiggins to seek review in this Court under the AEDPA was one year after the New Mexico Supreme Court's denial of certiorari on November 5, 2012. *United States v. Hurst,* 322 F.3d 1256, 1260-61 (10th Cir. 2003).

Wiggins states that, if his Petition is untimely, the reason he did not file within the time period under § 2244(d) was because he had requested and was waiting for copies of documents from the New Mexico Supreme Court. (Doc. 5 at 13, ¶ 18). His decision to delay filing does not constitute the type of extraordinary circumstances beyond his control that would entitle him to

equitable tolling of the limitations period. *Marsh v. Soares,* 223 F.3d at 1220.  There is no basis to excuse the late filing or toll the running of the statute of limitations and, on its face, Wiggins' Petition is time-barred under 28 U.S.C. § 2244(d). The Court also finds that amendment of the Petition could not render the filing timely and would be futile.  The Court will dismiss Wiggins' Petition without leave to amend.  *Hall v. Bellmon*, 935 F.2d at 1109.

Under rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability.  A certificate of appealibility will issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). Because Petitioner Wiggins has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion for Relief: 28 U.S.C. § 2254 (Doc. 1) and supplemental Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4, 5) are **DISMISSED** for failure to state a claim on which relief can be granted and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE